GRAHAM and another *against* HAMILTON.

EXCEPTIONS to an award of referees. The referees made up an award in favour of the plaintiffs, and returned it into court with their names subscribed to it, but *without seals.* The defendant filed several exceptions; but the only one noticed upon the argument, was the omission of *seals*, required by the following clause in the 3d section of the act of 21 *March* 1806. 7 *St. Laws*, 559. " The referees, chosen in pursuance of the " directions of this act, shall be sworn or affirmed (*unless the* " *same shall be dispensed with by the consent of the parties*) to " try and determine the cause referred to them, and *a just* " *award make out under the hands and seals* of a majority of " them, agreeably to the terms of the submission."

*If the oath directed by the act of 21st March 1806 to be administered to referees, is dispensed with by the parties, there is no necessity that their award should be under seal.*

The cause now coming on to be heard, it appeared in evidence that the *oath* had been dispensed with by consent of parties; and the sole question for the court was whether the seals were not dispensed with as a consequence.

*Condy* for the plaintiffs. The clause of the act is connected throughout. There was no obligation to make an award under seal, distinct from that created by the oath; and as the oath was waived, so was the duty. It is true the oath is to make a *just* award: and so it may be urged against this construction that that also would be waived. But the distinction is between a moral duty not created, but merely enforced, by the oath, and a duty which has no existence except under the oath. The ceremony, moreover, is entirely useless; and therefore the court should favour that construction which gets rid of it.

*Sergeant* for the defendant. Even if the clause is connected, still the oath is merely a sanction to the whole duty, which remains, though the sanction be waived. This is evident from the mode in which a *just* award, and the ceremony of its being under hand and seal are joined. It is the same as if the legislature had prescribed the entire duty as it stands, and had then directed the oath to perform it, unless it should be dispensed with by the parties. But the clause is not connected. The oath

1808.

GRAHAM
v.
HAMIL-
TON.

is to try and determine the cause; and dispensing with it only relieves them from an absolute duty to do this. If the duty of affixing a seal is comprehended by the oath, so is the duty of making a *just* award; and then the legislature is involved in the absurdity of authorizing the parties to dispense with a *just* award. Had the legislature intended to enforce the several duties by the oath, the phrase would have read, " and a just award *to* make out," &c.

PER CURIAM. The making a just award under hand and seal is a part of the oath; and there is no absurdity in imposing on the referees an oath to perform their duty justly, or in relieving them from the oath, if the parties sufficiently confide in their honesty without it. They are still bound substantially to do their duty, after the oath is waived; but there is no direction to adhere to the ceremony of a seal, independent of the oath; that being dispensed with, so is the seal.

Award confirmed.